(63 App. Div. 278.)

## WILLIAMS v. BEDFORD BANK.

(Supreme Court, Appellate Division, Second Department. July 25, 1901.)

1. STATUTE OF FRAUDS—DEBT OF ANOTHER.
   Where the title to real estate is transferred to a trustee for the benefit of a second mortgagee, an oral contract by the latter with the first mortgagee, in which the second mortgagee agrees to pay certain taxes on the mortgaged premises, is not a contract to answer for the debt of another, and hence not within the statute of frauds.

2. CONTRACTS—CONSIDERATION—SUFFICIENCY.
   An agreement by a first mortgagee, having a present right to foreclose a mortgage, not to do so, is a sufficient consideration to support a contract with the second mortgagee that the latter would pay taxes on the mortgaged premises.

3. SAME—EVIDENCE—SUFFICIENCY.
   Plaintiff's agent testified that defendant's agent told the former over the telephone that defendant, who was the second mortgagee, would pay certain taxes if plaintiff, who was the first mortgagee, would not fore-

close his mortgage, and plaintiff's agent then agreed to wait. A letter from defendant's agent, offering to pay such taxes if the property was not sold by the mortgagor, was introduced. *Held* sufficient evidence of a contract to pay the taxes to go to the jury, in an action by the first mortgagee for breach thereof.

Appeal from municipal court, borough of Brooklyn, First district.

Action by Mary A. Williams, as executrix of Wallace W. Williams, deceased, against the Bedford Bank. From a judgment of the New York city municipal court, dismissing the complaint, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Elisha W. McGuire, for appellant.
Jesse Stearns, for respondent.

GOODRICH, P. J. The plaintiff, as executrix of the last will of her husband, held an overdue mortgage of $3,000 on the premises at 83 Gold street, Brooklyn. The defendant held a second mortgage on the same premises, the title to which premises was held by one Haskell for the benefit of the bank. There were unpaid taxes on the premises. The plaintiff alleges that the defendant, in consideration that the plaintiff would delay foreclosure, promised to pay the taxes; that she did delay until after the defendant refused to fulfill its promise; and that on a subsequent foreclosure there was a deficiency of $261. The promise to pay is contained in correspondence and conversation between the parties, Cooke acting at the request of the plaintiff, as follows:

"Dear Sir: I have been looking for a letter from you regarding the payment of taxes on 83 Gold street, Hall property. Kindly advise me your decision regarding the matter.
"Yours, etc., J. H. Cooke."

The answer from Smith, the vice president and cashier of the defendant, was as follows:

"Bedford Bank, Brooklyn, N. Y., January 22, 1900.
"Mr. J. H. Cooke, 156 Hooper Street—Dear Sir: Reply to yours of 20th. The delay is occasioned by the statement of Mr. Hall that he has an offer on for the Gold-Street house, and expects to close it. If it is not sold, we will pay the taxes. Mr. Hall was here on the matter this a. m. Hopes to have taxes assumed. I am sure the matter will be settled this week.
"Yours, truly, H. M. Smith."

About the same time Cooke had a conversation with Smith over the telephone, as shown in the following:

"The Court: What did he say; give us the conversation? A. I said 'We can't wait any longer for the payment of these taxes; we have to commence our action.' He said he would like to have us wait a few days, that they were then negotiating the sale of this property, and that it would be cleared up that week, and, if we would wait, he would see that the taxes were paid, and I agreed to wait."

The court dismissed the complaint, but the justice's return does not show on what ground; whether because there was no contract, or because the contract was void under the statute of frauds. If the latter, there must have been a contract, for the plea of the statute

of frauds presumes the existence of a contract, which, except for the statute, would be valid. It does not seem to me that this is a case within that part of the statute of frauds which requires a contract to pay the debt of another to be in writing. The bank had a mortgage on the property, and, in addition to this, the title was held by Haskell for its benefit, and in its stead. It is true that the bank was not indebted to the city for the taxes in the sense that it would have been indebted upon a written contract, or that an action could have been brought against it by the city to recover the amount of the tax. No more was the tax the debt of the former owner. Hence the debt was not the debt of another, and the statute of frauds has no application to the situation.

The plaintiff had a present right to commence her action for foreclosure. On the promise of the bank to pay the taxes, the foreclosure was delayed. It is well settled that a valid agreement for delay in the enforcement of a debt is a sufficient consideration for a promise to pay the debt. Cary v. White, 52 N. Y. 138. The evidence was sufficient to require a submission to the jury of the question whether there was a promise to pay the taxes, and whether, in view of that promise, the foreclosure was delayed, and it was therefore error to dismiss the complaint. The judgment should be reversed.

Judgment of the municipal court reversed, and new trial ordered; costs to abide the event. All concur.